IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

WILLIAM BROWN, JR.,
et al.,

    Plaintiffs,

v.                                      Civil Action No. 3:16cv599

TOMPKINS BUILDERS, INC.,
et al.,

    Defendants.

**MEMORANDUM OPINION**

This matter is before the Court on the MOTION TO DISMISS THE COMPLAINT (ECF No. 3), filed by the Defendants, Tompkins Builders, Inc. ("TBI"), S.B. Ballard Construction Company ("SBBC"), T.K. Davis Construction, Inc. ("Davis, Inc."), Watson Electrical Construction Co. LLC ("Watson Electrical"), David Brown ("Brown"), David Collins ("Collins"), and Richard Allard, Jr. ("Allard"). For the reasons set forth below, the MOTION TO DISMISS THE COMPLAINT (ECF No. 3) will be granted and the action will be dismissed with prejudice.

**BACKGROUND**

A.   **Procedural Background**

On July 29, 2015, William Brown, Jr. ("Brown") filed a Complaint (Civil Action No. 3:15cv447, ECF No. 1) on behalf of himself and B&M Hitech Electric ("B&M") against Watson

Electrical, Craig Myers, Brown, Collins, and Allard. The Complaint alleged the following claims: (1) discrimination against Brown and B&M in violation of 42 U.S.C. § 1981; (2) fraud; and (3) breach of contract. That case will hereafter be "the First Action."

On January 15, 2016, a MOTION TO DISMISS the First Action (ECF No. 4), filed by the above-named Defendants, was granted, and the First Action was dismissed with prejudice (ECF No. 14) because all three claims were found to be legally insufficient. Although the Plaintiffs appealed that judgment to the United States Court of Appeals for the Fourth Circuit, the Plaintiffs filed in this Court a NOTICE OF WITHDRAWAL of the appeal (Civil Action No. 3:15cv447, ECF No. 17) on February 2, 2016, and the appeal was dismissed by the Fourth Circuit for failure to prosecute on May 10, 2016 (ECF No. 19).

On July 16, 2016, Brown, for himself and B&M, filed this action. This time the Complaint alleges only a claim of fraud. See Compl. (Title Page, and p. 2). This case will hereafter be "the Second Action." The fraud claim in the Second Action is the same as the fraud claim in the First Action  The named defendants in the Second Action are: TBI, SBBC, Watson Electrical, Brown, Collins, and Allard. The only difference in parties between the First Action and the Second Action is that,

2

in the Second Action, the Complaint deletes Craig Myers as a defendant, and adds TBI, SBBC and Davis, Inc. as defendants.

**B.    Factual Background**

The TBI/SBBC (a/k/a the Tompkins/Ballard) Joint Venture was the general contractor responsible for the design and construction of the Richmond City Jail Project (the "Project"). Compl. ¶¶ 1-3.[1] Watson Electrical was a subcontractor on the Project. B&M[2] had a subcontract with Watson Electrical for work related to the security system for the Project. Id. at 4; Exs. B&C.

A Contractor Controlled Insurance Program ("CCIP") provided insurance for the operations of enrolled contractors and subcontractors on the Project. Compl. ¶¶ 1-3; Ex. A. B&M completed the application to enroll in the CCIP. Compl. ¶ 3; Ex. A. The CCIP Contract provides, inter alia, that "[p]remiums

---

[1] The Complaint erroneously alleges that Davis, Inc. was a part of the Joint Venture. Plaintiff does not appear to dispute that Davis, Inc. was simply a subcontractor.

[2] In the First Action, the parties determined that B&M was a sole proprietorship owned by William Brown, Jr. This issue was disputed between the parties and resolved. This issue is important because Brown is bringing the lawsuit on behalf of himself and B&M. In the previous case, this Court explained that because B&M is a sole proprietorship owned by Brown, he may represent B&M in a pro se capacity. See Roberts v. UXB Int'l, Inc., 2014 WL 4187335, *3 (W.D. Va. 2014); RZS Holdings AW v. PDVSA Petroleo S.A., 506 F.3d 350, 354 n.4 (4th Cir. 2007).

3

for this Program are the responsibility of Tompkins Builders, Inc. . . . ." Ex. A.

The original subcontract for B&M was for $1,875,000.00. Ex. C.1. After reconciliation, the Final Subcontract reflected a balance due to B&M for $5,833.00. The reconciliation included $66,208.00 for CCIP deductions, as well as deductions that were made for problems that occurred during construction.

The Complaint alleges that "Watson Electric and Dave Collins committed an act of fraud by issuing deductions to the Plaintiffs [] of $66,208 when they had no legal authority in the Plaintiffs' Contract or any documentation whatsoever to make a deduction in the name of the CCIP Program." Compl. ¶ 4. Further, the Complaint alleges that Allard, Collins, and Watson Electrical created a false and fraudulent "Final Subcontractor Reconciliation", listing fraudulent deductions of $11,584, $66,208, $3,000, $520, for a gross total of $81,312. Id. at 5.

The Plaintiffs request compensatory damages in the amount of $81,312 and punitive damages of $5,000,000 against each Defendant. Id.

### POSITIONS OF PARTIES

All Defendants filed the pending MOTION TO DISMISS THE COMPLAINT (ECF No. 3). They base their motion on two grounds. First, relying on the judgment in the First Action, the

Defendants contend that Plaintiffs' claim is barred by res judicata. In the view of the Defendants, (1) there was a prior claim for relief for fraud decided on the merits by a valid and final judgment in the First Action; (2) the parties in the Second Action are identical to, or in privity with, the parties in the First Action; the fraud claim made in the Second Action arises from the same conduct as did the fraud claim in the First Action. Second, they argue that the Complaint fails to allege a claim of fraud with particularity as required by Fed. R. Civ. P. 9.

Plaintiffs take the view that the Complaint in the Second Action is not identical to the Complaint in the First Action because: (1) the Complaint in the Second Action names as defendants entities that were not in the First Action; and (2) the Complaint in the Second Action does not contain a breach of contract or discrimination claim. MEMORANDUM IN SUPPORT OF PLANTIFFS' [*sic*] MOTION TO DENY THE DEFENDANTS' MOTION TO DISMISS THE COMPLAINT OF THE PLAINTIFFS (ECF No. 5). The Plaintiffs do not address the asserted failure to satisfy Rule 9. Instead, they re-assert, in conclusory form, the allegations of fraud presented in the Complaint.

5

**DISCUSSION**

A. **Res Judicata**

"Res judicata prohibits relitigation of an identical legal claim." In re Ansari, 113 F.3d 17, 23 (4th Cir. 1997). Because claim preclusion is a substantive issue, not a procedural one, state law controls the res judicata argument here presented. Under Rule 1:6 of the Rules of the Supreme Court of Virginia, a claim for res judicata is valid where: "(1) there was a prior claim for relief decided on the merits by a valid and final judgment; (2) the parties are identical or in privity with each other; and (3) the claim made in the later suit arises from the same conduct, transaction, or occurrence as the claim filed in the first suit." Blick v. Long Beach Mortgage Loan Trust 2005-WL3, No. 3:13-CV-00002, 2013 WL 1319369, at *2 (W.D. Va. Mar. 29, 2013), aff'd, 539 F. App'x 126 (4th Cir. 2013). "The party seeking to assert the doctrine has the burden of establishing that the issue in contention has already been adjudicated and a final judgment has been entered." Cherokee Corp. of Linden, Va., Inc. v. Richardson, 40 Va. Cir. 162 (Va. Cir. Ct. 1996). Each facet of the controlling rule will be addressed in turn.

1. **Prior Decided Claim For Relief**

To begin, the dismissal of the First Action with prejudice was a final adjudication on the merits. See Harrison v. Edison

6

Bros. Apparel Stores, 924 F.2d 530, 534 (4th Cir. 1991) ("Dismissal of an action with prejudice is a complete adjudication of the issues presented by the pleadings and is a bar to a further action between the parties."). That final judgment disposed of the claim for fraud therein made.

2. **Identity of Parties**

The identity of parties requirement is satisfied. The Plaintiffs in the First Action and the Second Action are the same. The Defendants, Watson Electrical, Brown, Collins, and Allard were all defendants in the First Action. Thus, as to those Defendants, the identity requirement is satisfied. The Defendants, TBI, SBBC, and Davis, Inc. were not listed as defendants in the First Action; however, the Complaint establishes that these parties are clearly in privity with the other Defendants who secured the judgment in the First Action.

"In Virginia, the touchstone for privity for res judicata purposes is that one party's interest is so identical with another that representation by one party is representation of the other's legal right." Columbia Gas Transmission, LLC v. David N. Martin Revocable Trust, 833 F. Supp. 2d 552, 557 (E.D. Va. 2011) (internal citations omitted). "[P]rivity is most often found among parties that share a contractual relationship, owe some kind of legal duty to each other, or have another legal

7

relation such as co-ownership." Id. at 559. In their Motion to Dismiss, Defendants state:

> [T]he Tompkins/Ballard Joint Venture was the general contractor for the Project. Watson and T.K. Davis were both subcontractors on the Project. Watson had a contractual relationship with the Joint Venture, as did T.K. Davis. *See* Compl. ¶ 1 (referencing Watson's contract). All Defendants were involved in the construction of the Project, and all Defendants have identical positions concerning the CCIP deduction referenced by the Plaintiffs in both Complaints. With regard to the operation of the CCIP, the interests of the Watson Defendants, Tompkins, S.B. Ballard, and T.K. Davis are aligned.

The Complaint in the Section Action alleges as much, and the Plaintiffs do not contend otherwise. In this case, the additional Defendants listed in the Second Action are in privity with the Defendants in the First Action.

### 3. Arising Out of the Same Conduct

The fraud claim in the Second Action arises from the same transaction as the fraud claim on which judgment was entered in the First Action. Indeed, a comparison of the Complaints in each action shows that the two fraud claims are virtually identical.

For the foregoing reasons, the record establishes that the fraud claim asserted in the Complaint is barred by res judicata and the action therefore will be dismissed with prejudice.

8

## B. The Inadequacy of Pleading

It is preferable not to decide cases on alternative grounds. Amato v. City of Richmond, 875 F.Supp. 1124, 1139 (E.D. Va. 1994), aff'd, 78 F.3d 578 (4th Cir. 1996). However, in this case, judicial efficiency is served by addressing the alternate ground for dismissal: the inadequacy of the pleading.

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings. See, e.g., Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). When considering a Rule 12(b)(6) motion to dismiss, the Court should accept as true all well-pleaded factual allegations, viewing the complaint in the light most favorable to the plaintiff. De Sole v. United States, 947 F.2d 1169, 1171 (4th Cir. 1991). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 663. While a *pro se* plaintiff must state facts to support a plausible claim, Giarratano v. Johnson, 521 F.3d 298, 305 (4th Cir. 2008), pro se "litigants cannot, of course, be expected to frame legal

issues with the clarity and precision ideally evident in the work of those trained in law." Beaudett v. City of Hampton, 775 F.2d 1274, 1276 (4th Cir. 1985).

Plaintiffs must plead with particularity, the circumstances surrounding allegations of fraud. Fed. R. Civ. P. 9(b). Failure to do so renders a fraud claim legally insufficient. Fraud is a state law claim. To succeed, plaintiffs must allege, and then prove, by clear and convincing evidence: "1) a false representation; 2) of material fact; 3) made intentionally and knowingly; 4) with intent to mislead; 5) reliance by the party misled; and 6) damages resulting from that reliance." Bank of Montreal v. Signet Bank, 193 F.3d 818, 826 (4th Cir. 1999). Plaintiffs "must plead with particularity the time and place the misrepresentations were made, the contents of those misrepresentations, the identity of the individual making the misrepresentation, what the individual making the misrepresentation gained from making it, and the aggrieved party reasonably and detrimentally relied on those misrepresentations." Sewraz v. Nguyen, 2011 WL 201487, *8 (E.D. Va. 2011) (quoting Scott v. GMAC Mortgage, LLC, 2010 WL 3340518, *7 (W.D. Va. 2010)).

The Complaint in this case lacks all of these requisites. Indeed, all the Complaint says is that Defendants "committed an

act of fraud by creating a false and fraudulent Final Subcontractor Reconciliation . . . ." Compl. ¶ 5. Rather than pleading fraud with particularity, the Plaintiffs, in their Complaint and in their response brief, rely on the Defendants to produce evidence showing why the Defendants' actions were permissible. ("The Plaintiffs charges that all of the Defendants in this Lawsuit cannot produce one shred of evidence that will give them the Legal Justification or any form of Documentation giving them the right for all of the fraudulent deductions listed on the Final Subcontractor Reconciliation, Exhibit C1 and D." Compl. ¶ 6).

Thus, the Complaint fails both Rule 12(b)(6) and Rule 9. The Memorandum Opinion issued in the First Action alerted the Plaintiffs to what they must allege to state a viable fraud claim. The Complaint in the Second Action utterly fails to heed that warning, thereby signaling that no amendment could salvage the putative fraud claim. Therefore, the Complaint fails for the alternative reason that it fails adequately to state a claim for fraud. And, because the Plaintiffs have put forth no ground for amendment to cure the defect, the Complaint is dismissable with prejudice on the alternative ground posited by Defendants' motion.

**CONCLUSION**

For the reasons set forth above, the MOTION TO DISMISS THE COMPLAINT (ECF No. 3) will be granted and the Complaint will be dismissed with prejudice.

It is so ORDERED.

                                   /s/   REP
                             Robert E. Payne
                             Senior United States District Judge

Richmond, Virginia
Date: December 6, 2016